FILED
RICHARD W. NAGEL
CLERK OF COURT

2016 FEB 26 PM 2: 29

U.S. DISTRICT COURT
SOUTHERN DIST OHIO
WEST DIV CINCINNATI

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Case No. 1:16CR019 |
| | : | Judge J. BARRETT |
| v. | : | INFORMATION |
| MUNIR ABDULKADER | : | 18 U.S.C. § 924(c) |
| | : | 18 U.S.C. § 1114 |
| | : | 18 U.S.C. § 2339B |

THE UNITED STATES ATTORNEY ALLEGES THE FOLLOWING:

1. At all times relevant, **MUNIR ABDULKADER** has resided in the Southern District of Ohio. **MUNIR ABDULKADER** became a citizen of the United States on September 22, 2006.

2. On October 15, 2004, the United States Secretary of State designated al-Qa'ida in Iraq, then known as Jam'at al Tawhid wa'al-Jihad, as a Foreign Terrorist Organization (FTO) under Section 219 of the Immigration and Nationality Act and as a Specially Designated Global Terrorist under section 1(b) of Executive Order 13224.

3. On May 15, 2014, the Secretary of State amended the designation of al-Qa'ida in Iraq as a Foreign Terrorist Organization under Section 219 of the Immigration and Nationality Act and as a Specially Designated Global Terrorist entity under section 1(b) of Executive Order 13224 to add the alias Islamic State of Iraq and the Levant (ISIL) as its primary name. The Secretary also added the following aliases to the ISIL listing: the Islamic State of Iraq and al-Sham (ISIS), the Islamic State of Iraq and Syria (ISIS), ad-Dawla al-Islamiyya fi al-'Iraq wa-sh-

1

Sham, Daesh, Dawla al Islamiya, and Al-Furqan Establishment for Media Production (all collectively referred to herein as "ISIL"). Although the group has never called itself "Al-Qaeda in Iraq," this name has been frequently used to describe ISIL throughout its history.

### COUNT 1
### (Attempted Murder of Government Employees and Officials)
### 18 U.S.C. § 1114

4. Paragraphs 1 through 3, above, are incorporated as if fully restated herein.

5. On or about May 21, 2015, in the Southern District of Ohio and elsewhere, defendant **MUNIR ABDULKADER**, did attempt to unlawfully kill officers and employees of the United States while such officers and employees of the United States were engaged in and on account of the performance of their official duties, specifically, by attempting to attack and kill an identified military employee on account of his position with the United States Government and purchasing a firearm in furtherance of the attempt.

All in violation of Title 18, United States Code, Section 1114.

### COUNT 2
### (Possession of Firearm in Furtherance of a Crime of Violence)
### 18 U.S.C. § 924(c)

6. Paragraphs 1 through 3, above, are incorporated as if fully restated herein.

7. On or about May 21, 2015, in the Southern District of Ohio and elsewhere, defendant **MUNIR ABDULKADER** did knowingly possess a firearm, that is, an AK-47 assault rifle, in furtherance of a crime of violence for which he may be prosecuted in a court of the United States, that is the offense in Count 1 of this

2

Information, the attempted killing of an employee of the United States, in violation of Title 18, United States Code, Section 1114.

All in violation of Title 18, United States Code, Section 924(c).

### COUNT 3
### (Attempted Material Support to Designated Foreign Terrorist Organization)
### 18 U.S.C. § 2339B

8. Paragraphs 1 through 3, above, are incorporated as if fully restated herein.

9. On or about January 2015 through and including May 21, 2015, in the Southern District of Ohio, the defendant, **MUNIR ABDULKADER**, a citizen of the United States, did knowingly attempt to provide material support and resources, including personnel (specifically himself) and services, to a foreign terrorist organization, namely ISIL, knowing that the organization was a designated terrorist organization and that the organization had engaged in and was engaging in terrorist activity and terrorism.

All in violation of Title 18, United States Code, Section 2339B.

### FORFEITURE ALLEGATION

10. The allegations contained in Count 2 of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c).

11. Upon conviction of the offense in violation of Title 18, United States Code, Section 924(c) set forth in Count 2 of this Indictment, the Defendant, **MUNIR ABDULKADER**, shall forfeit to the United States pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c),

3

any firearms and ammunition involved in the commission of the offense, including, but not limited to: an AK-47 assault rifle.

12. If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

All pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c).

*[signature]*
KENNETH L. PARKER
Criminal Chief