**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | Case No. 1:16-CR-019 |
| | : | |
| v. | : | **MEMORANDUM OF UNITED STATES** |
| | : | **IN RESPONSE TO DEFENDANT'S** |
| **MUNIR ABDULKADER** | : | **SENTENCING MEMORANDUM** |
| | : | |
| | : | **Judge Michael Barrett** |

In his sentencing memorandum, Defendant Abdulkader cites to select sentences from different cases around the country as purported "comparables" for the Court to consider in fashioning a sentence. That is not how 18 U.S.C. § 3553(a) works. And it flies in the face of the Sentencing Guidelines, which were created in part to ensure uniformity. Nonetheless, the government files this memorandum to address these cases raised by the defense.

First, the landscape of terrorism cases has changed significantly in the past several years. With the advent of the Islamic State of Iraq and the Levant (ISIL) in 2014, and its call to conduct attacks in the United States, there has been a marked increase in the number of U.S. residents who have been charged with providing material support to foreign terrorist organizations. Many of these cases have not yet reached sentencing, so the data is incomplete.

Secondly, the Court does not have the benefit of the of the Presentence Reports (PSRs) and full sentencing transcripts for the cases cited by defense counsel, so we do not know all of the factors that may have influenced the decisions. For example, we do not know if there were mental health issues, immigration consequences, or cooperation. Moreover, even if we were to compile this information and present it all to the Court, the amount of information would be overwhelming. Instead, we submit that this case, as all federal criminal prosecutions, should be governed by the

United States Sentencing Guidelines (USSG), which were adopted to guide the courts in fashioning appropriate sentences.

Furthermore, many of the prosecutions cited by defense counsel involve persons who intended to leave the United States and fight with ISIL overseas. There is a difference between such "traveler" cases and an ISIL directed homeland attack such as the instant prosecution of the Defendant in this case. These two categories of cases sometimes differ in terms of the statutory charges, and the potential harm in the United States. Consequently, many of sentences the Defendant cites as benchmarks are not at all comparable to the present case involving a plot to murder government employees. Indeed, the Khan case and the Conley case cited by the Defendant as the most similar to the instant prosecution are not similar whatsoever—both cases involved persons who attempted to travel overseas and not individuals who attempted to murder a person in the United States.

The government would also note that a few of the most recent "ISIL traveler" cases have led to sentences of 30 years. For example, Muhanad Badawi & Nader Elhuzayel were recently sentenced to 30 years for their plans to join ISIL as fighters in Syria. Also, in Minnesota, 7 men were sentenced for planning to travel to join ISIL. Today, one of the leaders who went to trial, Mohamed Farah, was sentenced to 30 years in prison. Abdulkader was planning to travel overseas to join ISIL as a fighter, but backed away when he saw numerous arrests for the same conduct. Instead, Abdulkader took direction from an ISIL operative and agreed to a plot to murder government employees inside the United States.

Although we eschew the defendant's methodology of using so-called comparable sentences, and urge the court to apply the USSG, the government, in order to aid the Court, has attached a chart as Exhibit A to show the range of sentences in recent criminal cases involving attempted terrorist attacks in the United States. First, the chart shows that the sentences in the Cleveland anarchist case

2

are the exception and well outside of the norm.  More importantly, Exhibit A shows that the sentencing guideline range for this case and the sentence recommended by the government fits appropriately within the heartland of these other sentences.

        Respectfully submitted,
        BENJAMIN C. GLASSMAN
        United States Attorney

        s/Timothy S. Mangan
        TIMOTHY S. MANGAN
        Assistant United States Attorney
        221 East Fourth Street, Suite 400
        Cincinnati, Ohio 45202

        Michael Dittoe, Esq.
        U.S. Dept. of Justice
        National Security Division
        950 Penn. Ave. N.W., Room 2740
        Washington, DC  20530

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Memorandum in Response to Defendant's Sentencing Memorandum was served this 16th day of November, 2016 by ECF on all counsel of record.

        s/Timothy S. Mangan
        TIMOTHY S. MANGAN (069287)
        Assistant United States Attorney

**EXHIBIT A**

| Case | Sentence | Charges |
|---|---|---|
| Michael Finton | 28 Years | 18 U.S.C. § 2332a(a) - Attempt to use weapon of mass destruction against property owned by the United States. Drove truck with explosives to federal courthouse and tried to detonate. SDIL, 7th Circuit |
| Hosam Smadi | 24 Years | 18 U.S.C. §§ 2332a(a)(2)(A), (B), and (D) - Attempt to use weapon of mass destruction (bomb) to blow up building. NDTX, 5th Circuit. |
| Mohamed Mohamud | 30 Years | 18 U.S.C. § 2332a(a)(2)(A) - Attempt to use weapon of mass destruction to blow up Christmas tree lighting ceremony (Sageman testimony). DOR, 9th Circuit. |
| Antonio Martinez | 25 Years | 18 U.S.C. § 2332a(a)(3) & § 921(a)(4) - Attempted use of a weapon of mass destruction against armed forces recruiting station. DMD, 4th Circuit. |
| Farooque Ahmed | 23 Years | 18 U.S.C. § 2339B & § 1992(a)(8)- Attempting to provide material support to a designated foreign terrorist organization. Defendant collecting information to assist in terrorist attack on DC Metro transit facility. EDVA, 4th Circuit. |
| Sami Hassoun | 23 Years | 18 U.S.C. § 2332a(a)(2)(D) & § 844(i) - Attempt to use weapon of mass destruction; attempted to explode bomb near MLB baseball stadium. NDIL, 7th Circuit. |
| Rezwan Ferdaus | 17 Years | 18 U.S.C. § 844(f)(1) & § 2339A - attempting to damage and destroy a federal building by means of explosive; attempting to provide material support to terrorists. DMD, 4th Circuit. |
| Kevin Harpham | 32 Years | 18 U.S.C. § 2332a(a)(2) & § 249 - Attempt to use weapon of mass destruction; attempted to bomb an MLK memorial march. EDWA, 9th Circuit. |
| Amine el Khalifi | 30 Years | 18 U.S.C. § 2332a(a) - Attempt to use weapon of mass destruction - Wanted to commit mass shooting and was heading toward Capitol when arrested. EDVA, 4th Circuit. |
| Quazi Nafis | 30 Years | 18 U.S.C. § 2332a(a)(2) - Attempt to use weapon of mass destruction - tried to blow up Fed Reserve or NYSE. EDNY, 2nd Circuit. |
| Douglas Wright et al. | 7-11.5 years | 5 individuals in Cleveland that tried to blow up bridge; unaffilliated with any foreign terrorist organization. NDOH, 6th Circuit. |
| Mufid Elfgeeh | 22.5 years | 18 USC § 2339B, 18 USC § 114 and § 924c - attempt to recruit individuals to ISIL and possessed silencers. Planned to shoot members of military returning from Iraq. WDNY, 2nd Circuit. |
| Terry Loewen | 20 Years | 18 U.S.C. § 2332a(a)(2)(D) - Attempt to use weapon of mass destruction - attempted to use airport access to bring bomb to airport. DKS, 10th Circuit. |

4