AO 243
(Rev. 10/07)

## Motion to Vacate, Set Aside, or Correct a Sentence
## By a Person in Federal Custody

### (Motion Under 28 U.S.C. § 2255)

### Instructions

1. To use this form, you must be a person who is serving a sentence under a judgment against you in a federal court. You are asking for relief from the conviction or the sentence. This form is your motion for relief.

2. You must file the form in the United States district court that entered the judgment that you are challenging. If you want to challenge a federal judgment that imposed a sentence to be served in the future, you should file the motion in the federal court that entered that judgment.

3. Make sure the form is typed or neatly written.

4. You must tell the truth and sign the form. If you make a false statement of a material fact, you may be prosecuted for perjury.

5. Answer all the questions. You do not need to cite law. You may submit additional pages if necessary. If you do not fill out the form properly, you will be asked to submit additional or correct information. If you want to submit a brief or arguments, you must submit them in a separate memorandum.

6. If you cannot pay for the costs of this motion (such as costs for an attorney or transcripts), you may ask to proceed *in forma pauperis* (as a poor person). To do that, you must fill out the last page of this form. Also, you must submit a certificate signed by an officer at the institution where you are confined showing the amount of money that the institution is holding for you.

7. In this motion, you may challenge the judgment entered by only one court. If you want to challenge a judgment entered by a different judge or division (either in the same district or in a different district), you must file a separate motion.

8. When you have completed the form, send the original and two copies to the Clerk of the United States District Court at this address:

   Clerk, United States District Court for _____.
   Address
   City, State Zip Code

9. <u>CAUTION:</u> You must include in this motion <u>all</u> the grounds for relief from the conviction or sentence that you challenge. And you must state the facts that support each ground. If you fail to set forth all the grounds in this motion, you may be barred from presenting additional grounds at a later date.

10. <u>CAPITAL CASES:</u> If you are under a sentence of death, you are entitled to the assistance of counsel and should request the appointment of counsel.

Page 2

## MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT
## SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court Southern | District Ohio | |
|---|---|---|
| Name (under which you were convicted): MUNIR ABDULKADER | | Docket or Case No.: 1:16-CR-019 |
| Place of Confinement: Federal Correctional Inst. Talladega | | Prisoner No.: 73031-061 |
| UNITED STATES OF AMERICA | | Movant (include name under which you were convicted) |
| v. MUNIR ABDULKADER | | |

### MOTION

1. (a) Name and location of court that entered the judgment of conviction you are challenging:

   In the United States District Court for the Southern
   District of Ohio (Western Division).

   (b) Criminal docket or case number (if you know): 1:16-CR-019

2. (a) Date of the judgment of conviction (if you know): March 24, 2016

   (b) Date of sentencing: November 18, 2016

3. Length of sentence: 240 months

4. Nature of crime (all counts): Attempt to kill government employees and
   and officials in violation of 18 U.S.C. § 1114 (Count 1);
   Possession of a firearm in futherance of a crime of violence
   in violation of 18 U.S.C. § 924(c) (Count 2); and Attempted
   material support to a foreign terrorist organization in
   violation of 18 U.S.C. § 2339B (Count 3).

5. (a) What was your plea? (Check one)

   (1) Not guilty ☐        (2) Guilty ☒        (3) Nolo contendere (no contest) ☐

   (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count
   or indictment, what did you plead guilty to and what did you plead not guilty to?

   Guilty to all three counts.

6. If you went to trial, what kind of trial did you have? (Check one)        Jury ☐        Judge only ☐

7. Did you testify at a pretrial hearing, trial, or post-trial hearing?     Yes ☐     No ☒

8. Did you appeal from the judgment of conviction?     Yes ☐     No ☒

9. If you did appeal, answer the following:

    (a) Name of court:     N/A

    (b) Docket or case number (if you know):

    (c) Result:

    (d) Date of result (if you know):

    (e) Citation to the case (if you know):

    (f) Grounds raised:

    (g) Did you file a petition for certiorari in the United States Supreme Court?     Yes ☐     No ☒

       If "Yes," answer the following:

       (1) Docket or case number (if you know):

       (2) Result:

       (3) Date of result (if you know):

       (4) Citation to the case (if you know):

       (5) Grounds raised:

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications concerning this judgment of conviction in any court?

    Yes ☐     No ☒

11. If your answer to Question 10 was "Yes," give the following information:

    (a) (1) Name of court:

       (2) Docket or case number (if you know):

       (3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?     Yes ☐  No ☒

(7) Result:

(8) Date of result (if you know):

(b) If you filed any second motion, petition, or application, give the same information:

(1) Name of court:   N / A

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?     Yes ☐   No ☒

(7) Result:

(8) Date of result (if you know):

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

(1)  First petition:       Yes ☐   No ☒

(2)  Second petition:    Yes ☐   No ☒

Page 5

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:   N/A

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

GROUND ONE: COUNSEL WAS INEFFECTIVE FOR FAILURE TO APPEAL AFTER JUDGMENT.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

SEE AFFIDAVIT OF MUNIR ABDULKADER AND MEMEORANDUM OF LAW IN SUPPORT OF § 2255

(b) Direct Appeal of Ground One: N/A

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ❑    No ❑

(2) If you did not raise this issue in your direct appeal, explain why:

(c) Post-Conviction Proceedings:

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ❑  No ☒

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Page 6

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?

    Yes ☐  No ☐

(4) Did you appeal from the denial of your motion, petition, or application?

    Yes ☐  No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

    Yes ☐  No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:  N/A

GROUND TWO: PETITIONER'S CONVICTION FOR § 924(c) IS UNCONSTITUTIONAL.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

        SEE AFFIDAVIT OF MUNIR ABDULKADER AND MEMORANDUM OF
        LAW IN SUPPORT OF § 2255

(b) Direct Appeal of Ground Two: N/A

    (1) If you appealed from the judgment of conviction, did you raise this issue?

       · Yes ☐   No ☐

    (2) If you did not raise this issue in your direct appeal, explain why:


(c) Post-Conviction Proceedings: N/A

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

       Yes ☐   No ☐

    (2) If your answer to Question (c)(1) is "Yes," state:

    Type of motion or petition:

    Name and location of the court where the motion or petition was filed:


    Docket or case number (if you know):

    Date of the court's decision:

    Result (attach a copy of the court's opinion or order, if available):


    (3) Did you receive a hearing on your motion, petition, or application?

       Yes ☐   No ☐

    (4) Did you appeal from the denial of your motion, petition, or application?

       Yes ☐   No ☐

    (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

       Yes ☐   No ☐

    (6) If your answer to Question (c)(4) is "Yes," state:

    Name and location of the court where the appeal was filed:


    Docket or case number (if you know):

    Date of the court's decision:

    Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

GROUND THREE:

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) Direct Appeal of Ground Three:

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐   No ☐

(2) If you did not raise this issue in your direct appeal, explain why:

(c) Post-Conviction Proceedings:

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐   No ☐

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Page 9

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?

Yes ❑   No ❑

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ❑   No ❑

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ❑   No ❑

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

GROUND FOUR:

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) Direct Appeal of Ground Four:

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ☐ No ☐

    (2) If you did not raise this issue in your direct appeal, explain why:


(c) Post-Conviction Proceedings:

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ☐ No ☐

    (2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:


Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):


    (3) Did you receive a hearing on your motion, petition, or application?

        Yes ☐   No ☐

    (4) Did you appeal from the denial of your motion, petition, or application?

        Yes ☐   No ☐

    (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

        Yes ☐   No ☐

    (6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:


Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

Page 11

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

13. Is there any ground in this motion that you have <u>not</u> previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them: Ground one is based on newly discovered evidence that counsel failed to file a direct appeal on my behalf. Ground two is based on a newly recocognized right made retroactive by the Supreme Court.

14. Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the judgment you are challenging?     Yes ☐   No☒☒
    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:
    (a) At preliminary hearing: Richard W. Monahan(Federal Public Defender's Office), 250 E. 5th Street, Suite 350, Cincinnati, Ohio 45202.

    (b) At arraignment and plea:     (same)

    (c) At trial:

    (d) At sentencing: (same)

(e) On appeal: N / A

(f) In any post-conviction proceeding: N / A

(g) On appeal from any ruling against you in a post-conviction proceeding: N / A

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?        Yes ☐ No ☒☒

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?        Yes ☐ No ☒☒

(a)  If so, give name and location of court that imposed the other sentence you will serve in the future:

(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?        Yes ☐    No ☒☒

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.* The claim raised in Ground one is based on newly discovered evidence and is timely under § 2255(f)(4). The claim raised in Ground two is based on a newly recognized right made retroactive by the Supreme Court and is timely under § 2255(f)(3).

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of —

    (1) the date on which the judgment of conviction became final;

    (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;

    (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Page 14

Therefore, movant asks that the Court grant the following relief:

or any other relief to which movant may be entitled.

_____

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on _____ (month, date, year).

Executed (signed) on ___7 - 9 - 2018___ (date).

_____

Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MUNIR ABDULKADER,

      PETITIONER,

v.

UNITED STATES OF AMERICA,

      RESPONDENT.

_____/

Civ. Act. No. _____

Crim. No. 1:16-CR-019 _____

### MEMORANDUM OF LAW IN SUPPORT OF MOTION TO VACATE, SET ASIDE, OR CORRECT A SENTENCE PURSUANT TO SECTION 2255

COMES NOW, Petitioner, Munir Abdulkader, pro se, respectfully requesting relief pursuant to 28 U.S.C. § 2255 on the grounds that petitioner is entitled to collateral review and relief from the underlying conviction and sentence under the Constitution, Statutes, and legal holdings of the United States. In support thereof the following is stated:

I. LEGAL STANDARD:

The standard of review for a pro se filing is liberal. If this Honorable Court can reasonably read these pleadings to state a valid claim of which the petitioner could prevail, this court should grant relief despite failure to cite proper legal authority, confusion of legal theories, or poor syntax. See Haines v. Kerner, 404 U.S. 519 (1972), and Kamen v. Kemper Financial Service, Inc., 500 U.S. 90 (1991).

## II. PROCEDURAL HISTORY:

Petitioner was charged by way of information on May 22, 2015, with attempted murder of government employees and officials in violation of 18 U.S.C. § 1114 (Count One); possession of a firearm in futherance of a crime of violence in violation of 18 U.S.C. § 924(c) (Count Two); and material support to designated foreign terrorist organization in violation of 18 U.S.C. § 2339B (Count Three). [Doc. 1].

On March 24, 2016, Mr. Abdulkader pled guilty pursuant to a plea agreement with the government to all three counts before the Honorable Michael R. Barrett. [Doc. 35]. See Exhibit #2, Plea Agreement of Munir Abdulkader filed on 3/17/16.[1]

On November 23, 2016, petitioner was sentenced to 180 months on Counts 1 & 3 to run concurrent and 60 months on Count 2 to run consecutive to Count 1 for a total of 240 months. [Doc. 64].

No notice of appeal has been docketed with the court and no other post judgment motions attacking the conviction or sentence have been filed.

## III. GROUNDS FOR RELIEF:

### 1. COUNSEL WAS INEFFECTIVE FOR FAILURE TO APPEAL AFTER JUDGMENT.

## (i) FACTS:

On November 23, 2016, petitioner was sentenced to a 240 month term of imprisonment. Mr. Abdulkader was represented by Richard W. Monahan of the Federal Public Defender's Office. After

---

[1] The plea agreement does not contain a waiver of direct appeal or section 2255 proceedings.

the court pronounced sentence the petitioner was informed of his right to appeal. The court asked Mr. Abdulkader if he wanted to start the appeal process. Counsel interjected and informed the court that he would confer with petitioner on a client/attorney visit concerning this matter.

On or about November 24, 2016, counsel visited petitioner at the Butler County Jail in Hamilton Ohio. Petitioner advised counsel that he wished to appeal the sentence imposed by the court because he had thought he was to receive a sentence of 180 months total based on counsels calculations. Mr. Monahan expresssed reservations regarding the success of a appeal but assured petitioner he would file a notice of appeal with the district court if that is what petitioner wanted him to do. It was petitioner's understanding that a appeal would be filed at the conclusion of the meeting.

Upon being remanded to the custody of the Federal Bureau of Prisons petitioner tried to contact Mr. Monahan by letter to inquire about the status of his appeal. In December of 2017 petitioner wrote the clerk of the court of appeals regarding his appeal. In May of 2018 petitioner requested a docket sheet from the district court to verify if Mr. Monahan had filed a notice of appeal as directed by petitioner. Prior to May of 2018 petitioner was not aware that Mr. Monahan had not perfected the appeal on his behalf.

## (ii) APPLICABLE LAW:

A direct appeal of a federal conviction is a matter of right. Rodriguez v. United States, 395 U.S. 327, 329-30 (1969). So too is effective assistance of counsel in pursuing such an appeal. Evitts

v. Lucey, 469 U.S. 387, 396 (1985). "[T]he accused has the ultimate authority to make certain fundamental decisions regarding the case", wether to "take a appeal." Jones v. Barnes, 463 U.S. 745, 751 (1983). To ensure that this decision is informed, "counsel generally has a duty to consult with the defendant about an appeal." Thompson v. United States, 504 F.3d 1203, 1206 (11th Cir. 2007). To consult means to "advise the defendant about the advantages and disadvantages of taking an appeal, and make a reasonable effort to discover the defendant's wishes." Roe v. Flores-Ortega, 528 U.S. 470, 478 (2000).

A lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable. Id. at 477. Even when a defendant has not specifically instructed counsel as such, counsel has a constitutional duty to consult where the defendant "reasonably demonstrated to counsel that he was interestyed in appealing." Id. at 480. And "when counsel's constitutionally deficient performance deprives a defendant of an appeal that he otherwise would have taken," the defendant has demonstrated the requisite prejuduce, even if the appeal would not have been meritorious. Id. at 484.

## (iii) DISCUSSION:

The facts and legal principles at issue are clearly defined. Here, counsel failed to honor the petitioner's express directions and file a notice of appeal to initiate the direct appeal.

The Supreme Court has stated: "[W]e hold that when constitutionally deficient performance deprives a defendant of an appeal that he otherwise would have taken, the defendant has made out a successful ineffective assistance of counsel claim entitling him an appeal".

Counsel's performance can only be deemed as deficient where as here, he was made aware of petitioner's wishes to appeal the sentence. See Affidavit of Munir Abdulkader attached hereto as Exhibit #1.

The question whether the defendant might have a viable appellate issue does not govern the deficient performance inquiry. And it is not dispositive on the question of prejudice either. Meritorious appellate issues may furnish circumstantial evidence on whether counsel breached a duty to consult with his or her client. But the defendant need not make such a showing to demonstrate ineffective assistance. That is because a defendant will satisfy Strickland's prejudice element by "demonstrating only that, but for counsel's deficient conduct, he would have appealed." Flores-Ortega, 528 U.S. at 486; see also Cambell v. United States, 686 F.3d 353, 357 (6th Cir. 2012)(quoting Flores-Ortega and "noting that it is unfair to require an indigent, perhaps pro se, defendant to demonstrate that his hypothetical appeal might have had merit before any advocate has ever reviewed the record in his case in search of potentially meritorious grounds for appeal".)

Judicial precedent holds that an attorney performs deficiently if, after consulting with his client, he disregards specific instructions from his client to file a notice of appeal, a purely ministerial task. That is the case in this instance and this court should hold counsel provided ineffective assistance of counsel and grant relief. See Pola v. United States, 778 F.3d 525 (6th Cir. 2015).

## 2. PETITIONER'S CONVICTION FOR § 924(c) IS UNCONSTITUTIONAL.

### (i) FACTS:

On March 24, 2016, petitioner pled guilty to attempted murder of government employees and officials in violation of 18 U.S.C. § 114 (Count One); and a related offense of possession of a firearm in futherance of a crime of violence in violation of 18 U.S.C. 924(c) (Count Two) which was predicated on Count One.

### (ii) OPERATION OF 18 U.S.C. § 924(c):

Under 18 U.S.C. § 924(c)(1)A), a defendant who "uses or carries" a firearm "during and in relation to any crime of violence" faces a five-year mandatory minimum sentence, to run consecutively to any sentence for the underlying offense. As defined in § 924(c)(3), the phrase "crime of violence" means a felony offense that either: "(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B) by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."

Courts have referred to subparagraph (A) of § 924(c)(3) as the "force clause" and to subparagraph (B) as the "residual clause". See, e.g., United States v. Fuertes, 805 F.3d 485, 498 (4th Cir. 2015). In determining whether an offense is a crime of violence under either clause, Courts utilize the categorical approach, which, which focuses solely on the elements of the offense, rather than on the facts of the case. See Descamps, 133 S. Ct. at 2287.

**(iii) THE PREDICATE CRIME FOR PETITIONER'S § 924(c) CONVICTION DOES NOT QUALIFY AS A "CRIME OF VIOLENCE", AND PETITIONER'S CONVICTION AND SENTENCE VIOLATE DUE PROCESS OF LAW:**

In light of Johnson v. United States, 135 S. ct. 2551 (2015), Petitioner's conviction and sentence under § 924(c) violate due process of law. In Johnson, the Supreme Court invalidated the residual clause of the Armed Career Criminal Act ("ACCA") as unconstitutionally vague. 18 U.S.C. § 924(e)(2)(B). The ACCA's definition of violent felony is divided into three distinct clauses. An offense that "has as an element the use, attempted use, or threatened use of physical force against the person of another" falls under the "force clause". Burglary, arson, extortion, and offenses involving the use of explosives fall under the "enumerated felonies clause". An offense that "otherwise involves conduct that presents a serious potential risk of physical injury to another" falls under the "residual clause". In Johnson, the Supreme Court held that the language of the ACCA's residual clause was so vague as to deny fair notice of what conduct is prohibited and invite arbitrary enforcement in violation of due process. Johonson, 135 S. Ct. at 2557-59.

Cases interpreting the residual clause of § 924(c)(3) and 18 U.S.C. § 16(b)-a provision identical to § 924(c)(3)(B)-regularly rely on ACCA cases, and vice-versa. The two faetures that rendered ACCA's residual clause unconstitutional are equally present in § 924(c)'s residual clause. See Johnson, 135 S. Ct. at 2557-58 ("Two features of the residual clause conspire to make it unconstitutionally vague. In the first place, the residual clause leaves grave uncertainty about how to estimate the risk to a judicially imagined "ordinary case" of a crime, not to real-world facts or statutory elements...At the same

the residual clause leaves uncertainty about how much risk it takes for a crime to qualify as a violent felony." The Supreme Court made Johnson retroactive in Welch v. United States, 136 S. Ct. 1257 (206) (Decided April 18, 2016). More recently, in Sessions v. Dimaya, No. 15-1498, decided March 17, 2018, the Supreme Court extended the principles established in Johnson to the residual clause contained in 18 U.S.C. § 16(b). It is not imaginable how 924(c)(3)B), textually identical to 16(b) and also applied by using categorical analysis, can be salvaged, in fact several courts have already made this finding. See United States v. Meza, No. 11-133-BLG-DLC (D. Mont. May 2. 2018).

## (iv). APPLICATION OF § 924(c) to § 1114:

Under the framework outlined, the main question is whether the offense of attempt to commit murder in violation of 18 U.S.C. 1114 is defined as a "crime of violence" under the "force clause" or "residual clause". A finding validating the force clause would preclude futher inquiry as it would make a attack on the residual clause moot.

> 18 U.S.C. § 1114 reads:
>
> Whoever kills or attempts to kill any officer or employee of the United States or of any agency in any branch of the United States Government (including any member of the uniformed services) while such officer or employee is engaged in or on account of the performance of official duties, or any person assisting such an officer or employee in the performance of such duties or on account of that assistance, shall be punished---
>
> (3) in the case of attempted murder or manslaughter, as provided in section 1113.

18 U.S.C. § 1113 reads:

Except as provided in section 113 of this title, whoever, within the special maritime and territorial jurisdiction of the United States, attempts to commit murder or manslaughter, shall, for an attempt to commit murder be imprisoned not more than twenty years or fined under this title, or both, and ....

Attempts to kill are punishable under § 1113. Although there are no definitions in §1113, it is settled law that guilt of an attempted murder requires proof that the defendant "must have taken a substantial step towards that crime, and must also have had the requisite mens rea." Braxton v. United States, 500 U.S. 344 (1991).

Under the categorical approach, the court considers only the elements of the offense of conviction, not the underlying conduct. If the offense of conviction has the same elements as the generic federal offense, then the offense of conviction qualifies as aggravated felony. But, if the offense of conviction "sweeps more broadly and criminalizes more than the force clause, then the offense does not qualify.

When evaluating a defendant's conviction for an inchoate offense, two sets of elements are at issue: the elements of the inchoate crime and the elements of the underlying offense. Both the inchoate crime and the underlying offense are subject to the categorical approach the United States Supreme Court discussed in Taylor v. United States.

Based on the elements required to establish § 1113 it is apparent that the statute criminalizes a broader range of conduct than coverd by the force clause of § 924(c), and thus cannot be used as a "crime of violence". It is so because the element of a substantial

9

step forward encompasses more than the use, attempted use, or threatened use of force against the person or property of another.

### (iv). TIMELINESS OF CLAIM:

Section 2255 imposes a one-year statute of limitations for filing a motion to vacate that generally begins to run from the date the judgment of conviction becomes final. 28 U.S.C. § 2255(f)(1). Petitioner's conviction became final when the time to seek review from the Court of appeals expired.

The habeas statute of limitations is also subject to equitable tolling. Holland v. Florida, 560 U.S. 631, 634 (2010). The doctrine of equitable tolling allows corts to toll a statute of limitations when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control. The U.S. Supreme Court has recently held that the statute of limitations for habeas petitions is subject to equitable tolling in appropriate cases. However, the doctrine of equitable tolling is used sparingly by federal courts. The party seeking equitable tolling bears the burden of proving he is entitled to it. A habeas petitioner is entitled to equitable tolling only if he can make a two-part showing: (1) he has pursued his rights diligently; and (2) some extraordinary circumstances prevented timely filing. The U.S. Supreme Court has long held that the principles of equitable tolling do not extend to what is at best a garden variety claim of excusable neglect that causes an attorney to miss a deadline. However, the Supreme Court has held that professional misconduct could amount to egregious behavior and create an extraordinary circumstance.

Here, petitioner relies on the calim raised in infra. 1 to establish the extraordinary circumstance that warrant the tolling

of the statutory clock. Counsel's failure to perfect the appeal constituted abandonment by counsel, and thus, should serve to satisfy the tolling requirements. [2]

In Robertson v. Simpson, 624 F.3d 781 (6th Cir. 2010), the Sixth Circuit remanded the case for futher consideration of extraordinary circumstances where counsel's drug use might constitute an extraordinary circumstance warranting equitable tolling if it caused the attorney to effectively abandon his or her client. See also Collins v. White, 2017 U.S. App. LEXIS 10282 (6th Cir. March 2, 2017)(attorney incapacitation or abandonment has been held to rise to the level of an extraordinary circumstance")(quoting Holland 560 U.S. 649, 652-53).

## CONCLUSION

**WHEREFORE,** based on the foregoing arguments the petitioner, prays that this court grants the motion to vacate or any other relief that the court deems fit.

Dated: 7-9-2018

Respectfully submitted,

Munir Abdulkader
#73031-061
FCI Talladega
PMB 1000
Talladega, Alabama 35160

---

[2] The decision in Johnson is applicable to petitioner under the Supreme Court holdinng of Griffith v. Kentucky, 479 U.S. 314 (1987)(holding that on direct review, a new constitutional rule must be applied retroactively "to all cases, state or federal").

Exhibit 1

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MUNIR ABDULKADER,

     PETITIONER,                     Civ. Act. No. _____

v.                               Crim. No. 1:16-CR-019

UNITED STATES OF AMERICA,

     RESPONDENT.

_____/

AFFIDAVIT OF MUNIR ABDULKADER
IN SUPPORT OF MOTION UNDER 28 U.S.C. § 2255

    I, Munir Abdulkader, Reg. No. 73031-061, am over eighteen
years of age, and have personal knowledge of the facts set forth
herein, and am competent to testify to those facts. The statements
herein are true and correct facts material to this case and stated
under penalty of perjury:

    (1) I, Munir Abdulkader, was represented by Richard W. Monahan
of the Federal Public Defender's Office of Ohio, 250 E. 5th Street,
Suite 350, Cincinnati, Ohio 45202.

    (2) I am currently incarcerated in Federal Correctional Institute
Talladega, Alabama 35160.

    (3) On November 23, 2016, I was sentenced to a 240 month term
of imprisonment by the Honorable Judge Michael R. Barrett in the
U.S. District Court for the Southern Dostrict of Ohio.

    (4) On or about November 24, 2016, counsel visited me at the
Butler County Jail in Hamilton Ohio.

    (5) I advised counsel that I wished to appeal the sentence
imposed by the court. Mr. Monahan expressed reservations regarding

1

the success of a appeal but assured me he would file a notice of appeal with the district court if that is what I wanted him to do. It was my understanding a appeal would be filed at the conclusion of the meeting.

(6) Upon being remanded to the custody of the Federal Bureau of Prisons I tried to contact Mr. Monahan by letter to inquire about the status of my appeal.

(7) In December of 2017 I wrote the clerk of the court of appeals regarding my appeal.

(8) In May of 2018, I requested a docket sheet from the district court to verify if Mr. Monahan had filed a notice of appeal on my behalf.

(9) Prior to May 2018, I was unaware that Mr. Monahan had not filed a direct appeal on my behalf.

I, Munir Abdulkader, do solemnly affirm under the penalties of perjury pursuant to 28 U.S.C. § 1746 and upon personal knowledge that the contents of the foregoing statements are true.

Executed on; __7-9-2018__                          Munir Abdulkader

2

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | **Case No.** 1:16-CR-019 |
| | : | |
| v. | : | **PLEA AGREEMENT** |
| | : | |
| **MUNIR ABDULKADER** | : | **Judge** Barrett |
| | : | |

The United States Attorney for the Southern District of Ohio (herein, the "government")

and the above-named defendant, by and through counsel, pursuant to Rule 11(c)(1)(B) of the

Federal Rules of Criminal Procedure, agree as follows:

### RIGHTS OF THE DEFENDANT

1.      The defendant has the right to plead not guilty and have a trial by jury as to the

charges. At trial, the defendant would have the right to call, confront, and cross-examine

witnesses. The defendant also has the right against compelled self-incrimination and the right to

receive certain impeachment information before trial.

### WAIVER OF RIGHTS AND PLEA OF GUILTY

2.      The defendant waives these rights and agrees to plead guilty to Counts 1, 2, and 3

of the Information (attempt to kill government employees, in violation of 18 U.S.C. § 1114;

possession of a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c);

and attempted material support to a foreign terrorist organization, in violation of 18 U.S.C.

§ 2339B). The defendant understands the nature and elements of the offenses charged. The

United States Attorney's Office for the Southern District of Ohio will not further prosecute the

defendant for conduct prior to the date of this Plea Agreement that was part of the same course of

criminal conduct described in the charging document. This agreement is limited to the United

1

States Attorney's Office for the Southern District of Ohio and does not bind any other federal, state or local prosecuting authorities.

## MAXIMUM PENALTIES

3.    Defendant understands that Count 1 of the Information (attempted murder of government officials and employees, in violation of 18 U.S.C. § 1114) carries the following maximum penalties:

      a.    imprisonment for a period not to exceed 20 years, a fine not to exceed $250,000, and a term of supervised release of any term of years up to life;

      b.    additional imprisonment for part or all of the term of supervised release if the defendant violates the conditions; and

      c.    a mandatory special assessment of $100.00.

4.    Defendant understands that Count 2 of the Information (possession of a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)) carries the following maximum penalties:

      a.    a mandatory minimum of 5 years of imprisonment, up to a maximum of life imprisonment, a fine not to exceed $250,000, and a term of supervised release of not more than 3 years;

      b.    additional imprisonment for part or all of the term of supervised release if the defendant violates the conditions; and

      c.    a mandatory special assessment of $100.00.

5.    Defendant understands that Count 3 of the Information (attempted material support to a foreign terrorist organization, in violation of 18 U.S.C. § 2339B) carries the following maximum penalties:

      a.    imprisonment for a period not to exceed 15 years, a fine not to exceed $250,000, and a term of supervised release of any terms of years up to life;

2

b. additional imprisonment for part or all of the term of supervised release if the defendant violates the conditions; and

c. a mandatory special assessment of $100.00.

## SENTENCING

4. The sentence will be imposed by, and is within the sole discretion of, the Court. There is no agreement as to what the sentence will be. The Court could impose the statutory maximum sentence as stated above. The defendant understands that the United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") are advisory and not mandatory, although the Court is required to consider the Sentencing Guidelines and their application to this case in imposing sentence. The Court may or may not impose sentence within the applicable Sentencing Guidelines range. The defendant has reviewed with defense counsel how the Sentencing Guidelines might apply to this case. Defendant does not have the right to withdraw the guilty plea if the Court imposes a sentence that is higher than expected.

## STATEMENT OF FACTS

5. The defendant is pleading guilty because the defendant is in fact guilty. The Statement of Facts in this case that is attached to this Plea Agreement is true and correct, is made a part of this agreement, and will be submitted to the Court as evidence.

## NON-BINDING SENTENCING GUIDELINES STIPULATIONS

6. The government and the defendant agree and recommend to the Court that the Court apply the following non-binding stipulations:

a. If, in the opinion of the United States Attorney's Office, the defendant accepts responsibility, and the probation office recommends a two-level reduction for "acceptance of responsibility," as provided in U.S.S.G. § 3E1.1(a), the government will concur in the recommendation;

3

b.    If the probation office recommends the above two-level reduction, and the defendant timely complies with all the requirements of this agreement, the government will recommend an additional one-level reduction pursuant to U.S.S.G. 3E1.1(b), if applicable;

c.    As to Count 1, the Sentencing Guideline applicable to the offense of attempted killing of a government employee, is U.S.S.G. § 2A1.5, which has a base offense level of 33. 3 levels are added for a victim enhancement, pursuant to U.S.S.G. § 3A1.2. 12 levels are added for a terrorism enhancement, pursuant to U.S.S.G. § 3A1.4.

d.    As to Count 2, the Sentencing Guideline applicable to the offense of possession of a firearm in furtherance of a crime of violence is is U.S.S.G. § 2K2.4.

e.    As to Count 3, the Sentencing Guideline applicable to the offense of material support of foreign terrorist organization, is U.S.S.G. § 2M5.3, which has a base offense level of 26. 2 levels are added for a connection to a firearm or violence, pursuant to U.S.S.G. § 2M5.3(b)(1). 12 levels are added for a terrorism enhancement, pursuant to U.S.S.G. § 3A1.4.

f.    In accordance with U.S.S.G. § 3A1.4, the defendant will automatically have a criminal history category of VI.

7.    The stipulations in the preceding paragraph are <u>not</u> binding on the Court, and the defendant understands that if the Court rejects any of the stipulations, the defendant does <u>not</u> have the right to withdraw his guilty plea.

## FORFEITURE

8.    Defendant agrees to forfeit all rights, title, and interest in the AK-47 rifle that was purchased and possessed by the Defendant on or about May 21, 2015. Defendant further agrees to waive all interest in such asset in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. Defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of forfeiture in the charging instrument, announcement of the forfeiture at

4

sentencing, and incorporation of the forfeiture in the judgment. Defendant understands that the forfeiture of assets is part of the sentence that may be imposed in this case.

## REPRESENTATION OF COUNSEL

9.      The defendant has thoroughly reviewed all aspects of this case with defense counsel and is fully satisfied with his attorney's legal representation. The defendant has received meaningful and satisfactory explanations from counsel concerning each paragraph of the Plea Agreement, the rights affected by this Plea Agreement and the alternatives available other than entering into this Plea Agreement. After conferring with counsel, the defendant has concluded that it is in his best interest to enter into this Plea Agreement in its entirety, rather than to proceed to trial.

## VOLUNTARY PLEA

10.      This plea of guilty is freely and voluntarily made and not the result of force or threats or of promises apart from those set forth in this Plea Agreement. There have been no representations whatsoever by any agent or employee of the government, or any other law enforcement agency, as to what the final disposition in this matter should and will be.

## VIOLATION OF PLEA AGREEMENT

11.      The defendant agrees to abide by each and every term of this agreement. The defendant agrees that if his violates any provision of this Plea Agreement, or if the defendant makes any statement that is materially false in whole or in part, the government may declare this Plea Agreement null and void, and the defendant thereafter will be subject to prosecution for any criminal violation including, but not limited to, any crime(s) charged in this case, as well as perjury and obstruction of justice. If this agreement or the defendant's conviction is voided for

5

any reason, the defendant waives any statute of limitations with respect to the government

prosecuting the defendant for any offense arising from defendant's conduct in this case.

## ADDITIONAL PROVISIONS

12.    The defendant agrees not to (1) engage in conduct defined under Application

Notes 4(a) through (k) of Guidelines 3C1.1, or (2) commit any misconduct (including, but not

limited to, committing a state or federal offense, violating any term of release, or make a false

statement or misrepresentation to any governmental entity or official) after entering into this

agreement.

13.    If the defendant's guilty plea is not accepted by the Court or is later set aside, then

the government will have the right to void this agreement.

14.    By virtue of pleading guilty, the defendant is not a prevailing party as defined by

18 U.S.C. § 3006A and expressly waives any right the defendant may have to sue the United

States.

15.    In the event the defendant does not plead guilty, or seeks to withdraw a guilty plea, or violates the terms of the plea agreement, the defendant waives any protection afforded by Section 1B1.8(a) of the Guidelines, Rule 11(f) of the Federal Rules of Criminal Procedure, and Rule 410 of the Federal Rules of Evidence.  Any statements made by the defendant in the course of any plea discussions, any proceeding under Rule 11 of the Federal Rules of Criminal Procedure, or any cooperation with the government will be admissible against the defendant without any limitation in any civil or criminal proceeding.

**CARTER M. STEWART**
**United States Attorney**

3-3-16
**Date**

**Timothy S. Mangan (#0069287)**
**Assistant U.S. Attorney**
**221 East Fourth Street**
**Suite 400**
**Cincinnati, Ohio  45202**
**(513) 684-3711**

02-29-16
**Date**

**Munir Abdulkader, Defendant**

2/29/16
**Date**

**Richard Smith-Monahan, Esq.**
**Counsel for Defendant**

7

trying to travel to join ISIL. He researched other options and postponed his original departure date of approximately May 2, 2015.

During at least May 2015, MUNIR ABDULKADER was in electronic communication with one or more individuals located overseas whom he understood were members of ISIL. Through those communications, the person(s )whom he understood were member(s) of ISIL directed and encouraged MUNIR ABDULKADER to plan and execute a violent attack within the United States.

In May 2015, MUNIR ABDULKADER began discussing with the CHS the possibility of executing a violent attack within the United States. MUNIR ABDULKADER discussed an idea of attacking a police station, which according to MUNIR ABDULKADER had been declared a permissible target by an ISIL cleric. MUNIR ABDULKADER then communicated with the CHS and overseas member(s) of ISIL about a plan to attack a military base and/or kill an identified military employee on account of his position with the United States government. The plan included abducting the employee at the employee's home and filming the execution of the employee. After killing the employee, MUNIR ABDULKADER planned to execute a violent attack on a police station in the Southern District of Ohio using firearms and Molotov cocktails.

In preparation for the attacks, MUNIR ABDULKADER took the following actions:

    a. MUNIR ABDULKADER asked the CHS to purchase a vest for holding ammunition.

    b. On or about May 18, 2015, MUNIR ABDULKADER traveled to a police station in the Southern District of Ohio and conducted surveillance of the police station.

    c. On or about May 20, 2015, MUNIR ABDULKADER went to a shooting range, learned how to operate certain firearms, and practiced shooting the firearms.

9

MUNIR ABDULKADER also negotiated the purchase of a firearm, namely an AK-47 assault rifle, for $350.

d.  On May 21, 2015, MUNIR ABDULKADER provided funds for the purchase of an AK-47 assault rifle and took possession of the firearm.

I have reviewed the above statement of facts with my attorney. I agree to the accuracy of the statement of facts and acknowledge the truth of the statement of facts as detailed above.

02-29-16
**Date**

_Munir Abdulkader_

**Munir Abdulkader, Defendant**

10

<<>>73031-061<<>>
Munir Abdulkader
Reg Number 73031-061
Federal Bureau of Prison
P.O. Box 1000
Talladega, AL 35160
United States

<<>>73031-061<<>>
Clerk Of District Of Ohio
100 E 5TH ST  Rm # 103
Cincinnati, OH 45202
United States

