# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | **CASE NO. 1:16-CR-019** |
| | : | |
| Respondent, | : | |
| | : | **JUDGE BARRETT** |
| v. | : | |
| | : | |
| **MUNIR ABDULKADER,** | : | |
| | : | |
| Petitioner. | : | |
| | : | |

## MOTION FOR ORDER REGARDING PRIVILEGED AND CONFIDENTIAL INFORMATION RELATED TO CLAIMS OF INEFFECTIVE ASSISTANCE OF COUNSEL

Respondent United States of America, by and through its attorney, the United States Attorney for the Southern District of Ohio, respectfully moves this Court for an order that: (1) requires the defendant to execute a written waiver of the attorney-client privilege with respect to the claims of ineffective assistance of counsel that he has raised in his motion under 28 U.S.C. § 2255 to vacate sentence, and (2) upon the filing of the written waiver, authorizes the defendant's prior counsel to provide to the United States an affidavit or declaration that elaborates the facts related to those claims. A memorandum in support of this motion and a proposed order are attached.

        Respectfully submitted,

        BENJAMIN C. GLASSMAN
        United States Attorney

        s/*Timothy S. Mangan*
        TIMOTHY S. MANGAN (0069287)
        Assistant United States Attorney
        221 East Fourth Street, Suite 400
        Cincinnati, Ohio 45202

## MEMORANDUM IN SUPPORT OF MOTION

On July 16, 2018, the defendant filed a petition under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. (R. 77.)  This Court ordered a response from the United States.

The defendant's petition raises a claim that his trial attorney provided ineffective assistance of counsel. Specifically, the defendant alleges that he instructed his defense counsel to file a notice of appeal, and that defense counsel did not file a notice of appeal.  The claim of ineffective assistance of counsel thus relies on information outside of the record, and assessing its validity requires the consideration of facts known by the defendant's former attorney.

Undersigned counsel has recently been advised that defendant's trial attorney has declined to speak voluntarily with government counsel regarding the defendant's allegations of ineffective assistance of counsel, in light of Formal Opinion 10-456 of the American Bar Association's Standing Committee on Ethics and Professional Responsibility ("Formal Op. 10-456") (opining that, absent informed consent by the former client, a lawyer may not disclose confidential information relating to the former client's ineffective assistance claims outside of formal, court-supervised proceedings). An order by this Court requiring a written waiver of the attorney-client privilege regarding, and authorizing disclosure related to, the defendant's ineffective-assistance claim would facilitate the resolution of the claim.

First, the Court should require the defendant to execute a written waiver of the attorney-client privilege in order to proceed with a § 2255 motion challenging the constitutional adequacy of the representation by his former attorneys. It is settled that the privilege is waived "when the petitioner 'injects into [the] litigation an issue that requires testimony from its attorneys or testimony concerning the reasonableness of its attorneys' conduct.' *Johnson v. Alabama*, 256 F.3d 1156, 1178 (11th Cir.2001). The implied waiver in habeas proceedings has typically been

the result of a petitioner's assertion of his own counsel's ineffectiveness. *See id.* ('By alleging that his attorneys provided ineffective assistance of counsel in their choice of a defense strategy, [the petitioner] put at issue—and thereby waived—any privilege that might apply to the contents of his conversations with those attorneys to the extent those conversations bore on his attorneys' strategic choices.'); *Bittaker v. Woodford*, 331 F.3d 715 (9th Cir.2003); *see also Tasby v. United States*, 504 F.2d 332, 336 (8th Cir.1974) ('When a client calls into public question the competence of his attorney, the privilege is waived.')." *In re Lott*, 424 F.3d 446, 453 (6th Cir. 2005). Accordingly, although an order from the Court requiring a written waiver may not be necessary, the United States respectfully requests that the Court order the defendant to execute a written waiver of his attorney-client privilege regarding those matters put at issue by his claim of ineffective assistance of counsel, as a condition to proceeding with the current § 2255 motion.

Second, if the defendant executes such a waiver, the Court should authorize the defendant's former attorney to disclose information regarding the ineffective-assistance claim by providing to the United States an affidavit or declaration, along with any relevant documents. As a preliminary matter, Formal Op. 10-456 is not binding on any attorney appearing before this Court. *See Grievance Comm. for the S. Dist. Of New York v. Simels*, 48 F.3d 640, 645 (2d Cir. 1995) ("[W]ell-established principles of federalism require that federal courts not be bound by either the interpretations of state courts or opinions of various bar association committees…. Although these precedents are no doubt helpful, they should be relied upon only to the extent that they are compatible with federal law and policy."). On the merits, moreover, the United States does not agree with Formal Op. 10-456's view that a lawyer who is the subject of an ineffective-assistance claim may not, consistent with the applicable rules of professional conduct, make an extrajudicial disclosure of confidential client information to the extent

necessary to respond to the claim. Rule 1.6(b)(5) of the Ohio Rules of Professional Conduct provides that a lawyer "may reveal information relating to the representation of a client…to the extent the lawyer *reasonably believes* necessary…to respond to allegations in any proceeding…concerning the lawyer's representation of the client."[1] This rule "does not require any judicial intervention as a prerequisite for disclosing client information," leading the only Ohio appellate court to address the issue to "differ with the ABA's opinion that an attorney who is the subject of an ineffective assistance of counsel claim who may have a reasonable need to disclose relevant client information should do so only with prior judicial approval in the proceeding in which the claim is joined." *State v. Montgomery*, 997 N.E.2d 579, 590 (Ohio Ct. App. 2013).

Nevertheless, an order from the Court authorizing the defendant's former attorney to provide the United States with an affidavit or declaration regarding the facts relevant to the defendant's ineffective-assistance claim enables compliance with Formal Op. 10-456 because the disclosure is thereby part of this court-supervised proceeding. *See* ABA Formal Op. 10-456 at 2, 5 and n.10. Other courts have followed a similar approach. *E.g., Thompson v. United States*, No. CIV 12-4133, 2013 WL 1758755 (D.S.D. Apr. 24, 2013) (granting gov't motion and ordering former defense counsel to file affidavit).

For the foregoing reasons, the Court should grant this motion and should extend the deadline for the government's response to the defendant's § 2255 motion until a reasonable time after the defendant's former attorney files an affidavit or declaration.

A proposed order is attached.

---

[1] Rule IV.B. of the Rules of Disciplinary Enforcement of the United States District Court for the Southern District of Ohio adopts Ohio's rules of professional conduct.

Respectfully submitted,

BENJAMIN C. GLASSMAN
United States Attorney


s/*Timothy S. Mangan*
TIMOTHY S. MANGAN (0069287)
Assistant United States Attorney
221 East Fourth Street, Suite 400
Cincinnati, Ohio 45202
(513)684-3711
Fax: (513)684-6385

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Motion for Order was served this 1st day of August, 2018, by regular U.S. Mail on: Inmate Munir Abdulkader (#73031-061), FCI-Talladega, Federal Correctional Institution, P.M.B. 1000, Talladega, AL 35160.

s/*Timothy S. Mangan*
TIMOTHY S. MANGAN (0069287)
Assistant United States Attorney

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | **CASE NO.  1:16-CR-019** |
| Respondent, | : | |
| | : | **JUDGE BARRETT** |
| v. | : | |
| | : | |
| **MUNIR ABDULKADER,** | : | |
| | : | |
| Petitioner. | : | |

## ORDER

The government's Motion for Order regarding Privileged and Confidential Information for Claims of Ineffective Assistance of Counsel is **GRANTED**. The Court orders as follows:

1. The defendant is directed to submit to the Court a written waiver of his attorney-client privilege as it relates to the allegations in this proceeding within 15 days of the date of this order. Failure to do so may result in dismissal of this proceeding.

2. If the defendant submits the written waiver described above, then the clerk's office is directed to serve a copy of the waiver and this order on the defendant's former attorney(s). Pre-hearing disclosure by the defendant's former attorney(s) of confidential client information related to these ineffective-assistance claims is then authorized under the rules of professional conduct governing practice before this Court.

    Defendant's former attorney(s) shall provide to the United States an affidavit or declaration, and shall attach relevant documents, limited to setting forth the facts related to these ineffective-assistance claims, within 15 days of service by the clerk's office of this order and the defendant's written waiver.

3. The deadline for the government's response to the defendant's § 2255 motion is extended until 60 days after service by the clerk's office on the defendant's former attorney(s) .

**IT IS SO ORDERED.**

_____
HONORABLE MICHAEL R. BARRETT
United States District Court Judge