**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL CASE NO. 1:16-cr-019<br>CIVIL CASE NO. 1:18-cv-476 |
| Plaintiff/Respondent, | Judge Michael R. Barrett |
| v. | |
| MUNIR ABDULKADER, | |
| Defendant/Petitioner. | |

**OPINION AND ORDER**

This matter is before the Court on Petitioner's motion to vacate under 28 U.S.C. § 2255 (Doc. 77) (the "§ 2255 motion") and Respondent's response (Doc. 85). Petitioner's motion charges (1) ineffective assistance of counsel in that his counsel failed to file a direct appeal, and (2) that his conviction under 18 U.S.C. § 924(c) is unconstitutional. (Doc. 77, PAGEID #: 408–09). Petitioner also moved for the appointment of counsel (Doc. 86), for the production of various documents (Docs. 88, 89), and to compel production of those documents (Doc. 90). For the reasons below, each of these motions will be denied.

### I. BACKGROUND

Petitioner entered pleas of guilty to (1) attempting to kill government employees (18 U.S.C. § 1114), (2) possessing a firearm in furtherance of a crime of violence (18 U.S.C. § 924(c)), and (3) attempting material support to a foreign terrorist organization (18 U.S.C. § 2339B). (Docs. 35, 37). At a hearing on November 23, 2016, the Court announced a sentence of 180 months on counts (1) and (3) to run concurrently and a

1

sentence of 60 months on count (2) to run consecutively to counts (1) and (3); the Court entered the judgment and conviction on December 13, 2016. (Doc. 67).

In his affidavit, Petitioner alleges that his trial counsel visited him in custody on November 24, 2016—the day after sentencing. (Doc. 77, PAGEID #: 430). He presents the following with respect to a conversation regarding an appeal:

> I advised counsel that I wished to appeal the sentence imposed by the court. [trial counsel] expressed reservations regarding the success of an appeal but assured me he would file a notice of appeal if that is what I wanted him to do. It was my understanding a (sic) appeal would be filed at the conclusion of the meeting.

(*Id.* at PAGEID #: 430–31). After that, he states that he tried to contact his trial counsel at an unspecified time by mail regarding the appeal. (*Id.* at PAGEID #: 431). Approximately one year following the judgment and conviction, in December of 2017, he wrote to the clerk of the court of appeals regarding his appeal. (*Id.*). Several months after that, in May of 2018, he requested a docket sheet from the district court and learned that the appeal was not filed. (*Id.*). He does not attach copies or other evidence of these correspondences. He did not seek leave to file a delayed appeal and instead followed with the pending motion July 9, 2018.[1]

## II. STANDARD OF REVIEW

Relief under 28 U.S.C. § 2255 is warranted upon a showing of either "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003) (citing *Weinberger v. United*

---

[1] The § 2255 motion was docketed July 16, 2018, but absent evidence to the contrary, the Court assumes that Petitioner's § 2255 motion was filed the date he signed it. *See Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008).

*States*, 268 F.3d 346, 351 (6th Cir. 2001), *cert. denied*, 535 U.S. 967). A petitioner using § 2255 must demonstrate relief by a preponderance of the evidence. *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006).

### III. ANALYSIS

Respondent has raised the statute of limitations. The Court therefore begins its analysis with the consideration of § 2255(f) as applied to each of Petitioner's § 2255 claims before turning to the balance of the arguments and his other pending motions.

#### A. Timeliness of the ineffective assistance of counsel claim

As amended by the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214, § 2255 contains a one-year statute of limitations. 28 U.S.C. § 2255(f). That one year runs from the latest of, as applicable here, either "(1) the date on which the judgment of conviction becomes final . . . (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." *Id.* The underlying judgment became final fourteen days after its entry, on December 27, 2016. Fed. R. App. P. 4(b)(1)(A)(i). Defendant's appeal was filed a year and a half later, taking it out of the ambit of § 2255(f)(1).

While Petitioner frames the statute of limitations issue on his first claim in terms of "newly discovered evidence" (*i.e.*, his discovery that an appeal had not been filed), the Court construes his arguments under § 2255(f)(4). (*See* Doc. 77, PAGEID #: 414). It is Petitioner's burden to demonstrate his due diligence. *Moore v. United States*, 438 F.

3

App'x. 445, 447 (6th Cir. 2011) (citation omitted). The court in *Moore* also considered a case in which a defendant charged that his counsel was ineffective for failing to appeal his sentence and held that the relevant determination with respect to § 2255(f)(4) is "when a duly diligent person in petitioner's circumstances would have discovered that no appeal had been filed." *Id.* (quoting *Wims v. United States*, 225 F.3d 186, 190 (2d Cir. 2000)).

Before initiating its analysis, the Court summarizes the relevant timeline. The period during which to file a timely appeal began to run on December 13, 2016. Petitioner filed the § 2255 motion on July 9, 2018. If due diligence dictates that Petitioner should have discovered the lack of an appeal sometime in the over six-month period between the final judgment and July 9, 2017 (one year prior to his § 2255 motion), then his § 2255 motion is not timely under § 2255(f)(4). *See United States v. Weaver*, No. 1:13-CR-059, 2019 WL 4751711, at *2 (S.D. Ohio Sept. 30, 2019). Petitioner's subsequent delay in *actually* discovering the lack of an appeal (in this case, May of 2018) is irrelevant; the appropriate inquiry is whether the § 2255 motion was filed within one year of "when a duly diligent person in petitioner's circumstances would have discovered that no appeal had been filed." *Wims*, 225 F.3d at 190 (2d Cir. 2000).

Considering that it is Petitioner's burden to demonstrate due diligence, the Court turns to the record. As noted above, Petitioner did not seek to remedy the failure to file an appeal other than by filing the present motion. In *Moore*, also analyzing due diligence under § 2255(f)(4), the Sixth Circuit contrasted the defendant's situation therein—where he presented no evidence on when he had discovered that he had no appeal pending— to another case, *Granger v. Hurt*, 90 F. App'x. 97, 98 (6th Cir. 2004), in which "[the state

prisoner's] account was corroborated by his filing of a delayed motion for direct appeal and his attempt to appeal its denial . . . ." *Moore*, 438 F. App'x. at 448.

Short of such an affirmative demonstration that Petitioner was actively pursuing his rights, he has not provided any other evidence to corroborate the contents of his affidavit. Taking his statements therein as true, he expressed a desire to appeal. (Doc. 77, PAGEID #: 430 ("I advised counsel *that I wished to appeal* . . . .[Trial counsel] . . . assured me *he would file* a notice of appeal . . . *if that is what I wanted him to do.*") (emphasis added)). But expressing a desire to appeal is distinguishable from an *explicit instruction* to file an appeal, and this distinction is relevant.[2] *See Regalado v. United States*, 334 F.3d 520, 525 (6th Cir. 2003) (citing *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000), and noting that "although [defendant] expressed her desire to file an appeal, she did not specifically instruct [the attorney] to do so."). Where a defendant expressly instructs his attorney to file an appeal, it is reasonable for the defendant to rely on the attorney to follow through on that instruction. *Flores-Ortega*, 528 U.S. 470, 477 (2000). It follows that, in such a case, some additional delay in diligence might be appreciated. But even taking the affiant at his word, the Court fails to discern an explicit instruction to his trial counsel to file an appeal. In this case, the Court does not find it indicative of due diligence that Petitioner's earliest alleged contact with the Sixth Circuit regarding the status of his appeal was over a year from his last alleged meeting with his attorney. (*See*

---

[2] Petitioner filed a limited waiver of the attorney-client privilege following his § 2255 motion. (Doc. 83). Respondent has provided the declaration of Petitioner's trial counsel, in which he states that he "has no recollection of the Petitioner directing [him] to file a notice of appeal in this case" and that "[h]ad such a request been made by the Petitioner, [he] would have filed a notice of appeal." (Doc. 85-1, PAGEID #: 510). He also notes that he is "fully aware of case law precedent" requiring that counsel file a notice of appeal if expressly directed to do so, and "meticulously follows this requirement in every case." (*Id.*).

5

Doc. 77, PAGEID #: 431). Petitioner's affidavit does not furnish any reason for the significant gap in his attention to his case.

A reasonably diligent person, particularly one that failed to provide an explicit instruction regarding an appeal, would have discovered the lack on an appeal (a matter of public record) sometime prior to July 9, 2017. *See Anjulo-Lopez v. United States*, 541 F.3d 814, 819 (8th Cir. 2008) (finding that a duly diligent person could have discovered the status of an appeal anytime after the deadline to file, where it was a matter of public record). The Court acknowledges that the point in time at which a duly diligent defendant would discover the lack of appeal defies a hard and fast rule. *See Ryan v. United States*, 657 F.3d 604, 607 (7th Cir. 2011) ("No rule of thumb emerges from the cases on how long prisoners may take to discover their lawyers' missteps, and we hesitate to pick a magic number."). *Compare Granger v. Hurt*, 90 F. App'x. 97, 100 (6th Cir. 2004) (considering the analogous statute of limitations provision under § 2244(d)(1)(D) and finding a two-month delay in discovering the lack of an appeal was reasonable, where defendant believed that his family's instruction to his attorney to file an appeal had resulted in the filing of an appeal); *Anjulo-Lopez*, 541 F.3d at 815–19 (three-month delay in discovering the lack of an appeal was unreasonable, despite generalized allegations regarding defendant's communication problems while incarcerated, where defendant believed that his attorney had filed an appeal); *Montenegro v. United States*, 248 F.3d 585, 588–89, 593 (7th Cir. 2001) (ten-month delay in discovering the lack of appeal was unreasonable, even where defendant alleged his explicit instruction to his attorney to file an appeal, where defendant had access to his updated docket sheet in the interim), *overruled on other grounds by Ashley v. United States*, 266 F.3d 671, 675 (7th Cir. 2001);

*Wims*, 225 F.3d at 188, 190–91 (2d Cir. 2000) (five-month delay in discovering the lack of an appeal was not "clearly unreasonable" where defendant and his attorney had a consultation in which he told his attorney that an appeal was "worth pursuing"). The Court further acknowledges that § 2255(f)(4) "'does not require the maximum feasible diligence, only due, or reasonable, diligence.'" *Jefferson v. United States*, 730 F.3d 537, 544 (6th Cir. 2013) (quoting *DiCenzi*, 452 F.3d at 470). Nevertheless, reasonable diligence based on the facts as Petitioner has alleged would have resulted in discovery of the lack of an appeal before July 9, 2017. The Court finds, accordingly, that the § 2255 motion is time-barred.

### B. Timeliness of the § 924(c) claim

Section 2255(f)(3) tolls the statute of limitations to "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review[.]" Here, since this matter has been pending, the Supreme Court of the United States decided *United States v. Davis*, 139 S. Ct. 2319 (2019), which held that the residual clause in the definition of a "crime of violence," 18 U.S.C. § 924(c)(3)(B), is unconstitutionally vague. *Id.* at 2336. While the Sixth Circuit has not weighed in on the retroactivity of this decision, the courts of appeal that have considered the question have found that the decision is retroactive. *See In re Mullins*, No. 19-3158, 2019 WL 5777997, at *2 (10th Cir. Nov. 4, 2019) ("*Davis* announced a new rule of constitutional law."); *United States v. Reece*, 938 F.3d 630, 635 (5th Cir. 2019), *as revised* (Sept. 30, 2019) ("[T]he rule announced in *Davis* meets the standard for a new substantive rule."); *In re Pollard*, 931 F.3d 1318, 1320 (11th Cir. 2019) ("*Davis* is a new rule of constitutional law and . . .

the Supreme Court has made it retroactive to cases on collateral review."). Because the claim fails on the merits, as explained below, it is not necessary to decide this issue.

### C. *Davis* does not provide Petitioner relief

As relevant to his second claim, Petitioner pleaded guilty to possessing a firearm in furtherance of a crime of violence under 18 U.S.C. § 924(c)—the crime of violence being attempted murder of government officials and employees (18 U.S.C. § 1114), to which he also pleaded guilty. (Doc. 35). His argument is contingent upon this Court's determination that a conviction under § 1114 falls within § 924(c)(3)'s now-defunct residual clause (B) as opposed to its elements clause (A).

The Sixth Circuit has recently addressed this very question in a manner that dispels Petitioner's argument. In *In re Amawi*, 780 F. App'x 301 (6th Cir. 2019), the defendant had been convicted for his part in a terrorist conspiracy. *Id.* at 302. He asserted a nearly identical claim to the second claim herein based on a conviction under § 1114 and the "crime of violence" definition in 18 U.S.C. § 16(b), which has an effectively identical (and similarly unconstitutional) residual clause to that of § 924(c)(3). *Id.* at 303. *See Sessions v. Dimaya*, 135 S. Ct. 2551 (2015). The court noted that, to succeed on his argument, the defendant needed to show that his conviction under § 1114 was a "crime of violence" only under § 16(b)'s now-unconstitutional residual clause. *Id.*

The court began with the "categorical approach," but determined that § 1114 is divisible, because it provides for "enumerated, alternative ways to violate the same statute[][;]" under § 1114, a defendant could violate the statute by committing murder, manslaughter, attempted murder, or attempted manslaughter. *Id.* at 304–05; §§ 1114(1)–(3). The court therefore employed the "modified categorical approach," which required it

8

to consider "*Shepard* documents to determine which statutory alternative the defendant was charged and convicted under." *Id.* at 305. From there, the court concluded that the defendant had been convicted under the statutory alternative of "'murder (undeniably a crime of violence)[,]" based on review of the superseding indictment and the sentencing transcript. *Id.* at 304–06.

Here, the Information identifies count 1 as "Attempted Murder of Government Employees and Officials." (Doc. 33, PAGEID #: 57). The murder as opposed to manslaughter distinction is also reflected in his plea agreement (Doc. 35, PAGEID #: 62) and statement of facts (*Id.* at PAGEID # 69–70 (describing Petitioner's plan and actions taken in furtherance thereof to attack/kill/execute an identified military employee and police officers). In *Amawi*, the Sixth Circuit remarked that "[i]t cannot be seriously argued that murder is anything other than a crime of violence." *Id.* at 306 (quoting *United States v. Darden*, 346 F. Supp. 3d 1096, 1133–34 (M.D. Tenn. 2018) (collecting cases holding that § 1111 murder is a crime of violence under the elements clause)). That Petitioner was convicted of *attempted* murder does not alter the Court's conclusion the § 1114 conviction is a crime of violence under § 924(c)(3)(A). On this point, the Court finds the reasoning in *United States v. St. Hubert*, 909 F.3d 335 (11th Cir. 2018), *petition for cert. filed*, No. 19-5267 (July 23, 2019), persuasive:

> Like completed Hobbs Act robbery, attempted Hobbs Act robbery qualifies as a crime of violence under § 924(c)(3)(A)'s use-of-force clause because that clause expressly includes "attempted use" of force. Therefore, because the taking of property from a person against his will in the forcible manner required by § 1951(b)(1) necessarily includes the use, attempted use, or threatened use of physical force, then by extension the attempted taking of such property from a person in the same forcible manner must also include at least the "attempted use" of force. *Cf. United States v. Wade*, 458 F.3d 1273, 1278 (11th Cir. 2006) (explaining that an attempt to commit a crime enumerated as a violent felony under § 924(e)(2)(B)(ii) is also a violent

9

felony), *cert. denied*, 550 U.S. 905, 127 S.Ct. 2096, 167 L.Ed.2d 816 (2007); *see also Hill v. United States*, 877 F.3d 717, 718-19 (7th Cir. 2017) ("When a substantive offense would be a violent felony under § 924(e) and similar statutes, an attempt to commit that offense also is a violent felony."), *cert. denied*, ––– U.S. –––, 139 S.Ct. 352, ––– L.Ed.2d –––, 2018 WL 4334874 (U.S. Oct. 9, 2018); *United States v. Armour*, 840 F.3d 904, 908-09 (7th Cir. 2016) (holding that attempted armed bank robbery qualifies as a crime of violence under § 924(c)(3)(A)).

In reaching this conclusion, our initial panel opinion followed the Seventh Circuit's analysis about why it concluded that an attempt to commit a violent felony under the ACCA is also a violent felony. . . . We do so again. As to attempt crimes, the Seventh Circuit observed . . . that (1) a defendant must intend to commit every element of the completed crime in order to be guilty of attempt, and (2) thus, "an attempt to commit a crime should be treated as an attempt to commit every element of that crime." [*Hill v. United States*, 877 F.3d 717, 719 (7th Cir. 2017).] Also as to attempt crimes, the Seventh Circuit explained that "[w]hen the intent element of the attempt offense includes intent to commit violence against the person of another, ... it makes sense to say that the attempt crime itself includes violence as an element." *Id.* Importantly too, the Seventh Circuit then pointed out that the elements clause in the text of § 924(e) equates actual force with attempted force, and this means that the attempted use of physical force against the person of another suffices and that the text of § 924(e) thus tells us that actual force need not be used for a crime to qualify under the [Armed Career Criminals Act]. *Id.*

*Id.* at 351–52. *See also United States v. Jones*, 489 F. App'x 57, 62 (6th Cir. 2012) (holding that attempted murder conviction "unquestionably qualifies" as a "crime of violence" under the definition of the latter in U.S.S.G. § 4B1.2(a)(1), which is nearly identical to the § 924(c)(3) definition). The Court finds that the § 1114 conviction here for attempted murder qualifies as a crime of violence under § 924(c)(3)(A) and *Davis*, therefore, does not impact Petitioner's convictions.

### D. An evidentiary hearing is not required

The proponent of a § 2255 motion "is entitled to 'a prompt hearing' at which the district court is to 'determine the issues and make findings of fact and conclusions of law with respect thereto.'" *Smith v. United States*, 348 F.3d 545, 550 (6th Cir. 2003) (quoting

10

28 U.S.C. § 2255(b)). The burden on the movant in demonstrating the need for an evidentiary hearing is "relatively light." *Christopher v. United States*, 605 F. App'x 533, 537 (6th Cir. 2015) (quoting *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007)). But an evidentiary hearing may be avoided where "the record conclusively shows that the petitioner is entitled to no relief." *Pola v. United States*, 778 F.3d 525, 532 (6th Cir. 2015) (internal quotation omitted).

The Court finds that the record in this case conclusively shows that Petitioner was not reasonably diligent in his discovery of the lack of an appeal such as would be necessary to invoke § 2255(f)(4). Petitioner's affidavit, even if taken as true, does not establish that he instructed trial counsel to file an appeal. In terms of diligence, according to his affidavit, the most that Petitioner did during the six months following his judgment and conviction was to send one letter to trial counsel inquiring about his appeal.[3] In that event, his failure to do anything more, including checking public records prior to July 9, 2017—the date one year prior to the present § 2255 motion and over six months after his judgment of conviction was final—is patently unreasonable. *See Anjulo-Lopez*, 541 F.3d at 819 ("That an appeal had not been filed was a matter of public record."); *Owens v. Boyd*, 235 F.3d 356, 360 (7th Cir. 2000) (considering the analogous statute of limitations provision under § 2244(d)(1)(D): "[T]he lack of a [§ 2254] petition was a matter of public record, which reasonable diligence could have unearthed."). The record is similarly clear that Petitioner's allegations relative to his § 924(c) conviction do not warrant § 2255 relief. An evidentiary hearing is not necessary.

---

[3] This gives Petitioner the benefit of the doubt that he did anything at all during this period, as his affidavit does not indicate when he attempted to contact his trial counsel.

### E. Remaining motions

Also pending are Petitioner's motion to appoint counsel (Doc. 86); motion for grand jury hearing transcripts, ballot, or record for inspection, indictment, and criminal complaint (Doc. 88); motion for court documents (Doc. 89); and motion to compel production of these documents (Doc. 90). The latter three motions, collectively, request the following:

1. Indictment, or colloquy of indictment waiver
2. Warrant of arrest
3. Certified copy of the plea agreement
4. Affidavit of criminal complaint
5. Arrest warrant or summons upon complaint
6. Letter of certificate of concurrence
7. Affidavit of probable cause hearing
8. Grand jury transcripts, ballot, and/or record for inspection
9. Court docket sheet
10. Information

(*See* Docs. 88–90).

Beginning with Petitioner's request for counsel, there is no constitutional right to counsel in proceedings under § 2255. *See Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002). A petitioner who brings a motion under § 2255 has a right to appointed counsel only when "the interest of justice so requires." 18 U.S.C.A. § 3006A(a)(2)(B). As one district court has explained:

> Federal courts generally have endorsed the appointment of counsel to represent legally unsophisticated prisoners who are financially unable to obtain counsel in: (1) capital cases; (2) cases that turn on substantial and complex procedural, legal or mixed legal and factual questions; (3) cases involving uneducated or mentally or physically impaired petitioners; (4) cases likely to require the assistance of experts either in framing or in trying the claims; and (5) factually complex cases. James S. Liebman & Randy Hertz, Federal Habeas Corpus Practice and Procedure, § 12.3b (3d ed.1998). A district court does not abuse its discretion, by declining to appoint counsel where the issues in the case are "straightforward and capable of resolution on the record" or the petitioner has a "good understanding of the issues and the ability to present forcefully and coherently his contentions." *See Mira v. Marshall*, 806 F.2d 636, 638 (6th

Cir. 1986); *Swazo v. Shillinger*, 23 F.3d 332, 333 (10th Cir. 1994); *Reese v. Fulcomer*, 946 F.2d 247, 264 (3d Cir. 1991).

*Camcho v. United States*, 4:10 CV 01650, 2010 WL 4365479, at *1 (N.D. Ohio Oct. 28, 2010). Petitioner's case does not fall within any of the categories discussed above. Petitioner has adequately presented his claims and no evidentiary hearing is required. This request will be denied. *See id.* ("[Petitioner's] framing of the reasons . . . was sufficient clear, coherently organized and well presented such that the Court does not foresee any difficulty in weighing the merits of his § 2255 claim . . . .").

Turning to Petitioner's several motions regarding documents, Rule 6 of the Rules Governing Sec. 2255 Proceedings for the U.S. Dist. Courts governs discovery in § 2255 cases; it is allowed for "good cause" and must be supported by "reasons for the request." Petitioner also references 28 U.S.C. § 753(f), which governs access to transcripts for indigent § 2255 petitioners to the extent that the suit is "not frivolous" and "the transcript is needed to decide the issue presented by the suit . . . ." Finally, he references 5 U.S.C. § 552, the Freedom of Information Act ("FOIA").

In his first motion regarding documents, as grounds, Petitioner cites that Fourth and Fifth Amendment issues related to a purported lack of a criminal complaint and indictment. (Doc. 88, PAGEID #: 517–18). Petitioner's § 2255 motion, however, does not raise these issues. Moreover, the criminal complaint and affidavit are the first filing on the docket of his case. (Doc. 1). Petitioner waived indictment. (*See* Waiver of Indictment, Doc. 38; Transcript of Initial Appearance and Plea on Information, Doc. 49[4]).

---

[4] Following a robust colloquy with Petitioner, the following exchange took place:

> THE COURT: Okay. Do you have any questions about proceeding on Indictment versus Information?
> THE DEFENDANT: No, Your Honor.

Production of these documents, therefore, does not appear necessary or appropriate under either Rule 6 or 28 U.S.C. § 753(f). To the extent that Petitioner invokes the FOIA, "[c]omplaints filed under 5 USC § 552 are not intended to provide a vehicle to re-argue criminal cases but rather to show whether an agency improperly withheld agency records." *Savoca v. Wilson*, No. 1:19 CV 14, 2019 WL 2359201, at *3 (N.D. Ohio June 4, 2019) (citing *Rugiero v. U.S. Dept. of Justice*, 257 F.3d 534, 547 (6th Cir. 2001)). The *Savoca* court held that the allegations therein "d[id] not support a plausible inference that a federal agency improperly withheld agency records . . . . Rather, it is apparent that [the complainant] [wa]s merely attempting to use FOIA as a vehicle to re-argue his criminal case." *Id.* The Court believes that the same is true, here. Petitioner's second motion regarding documents (Doc. 89) largely restates the items requested in the first without reference to grounds supporting the request. His third motion regarding documents, the motion to compel (Doc. 90), focuses on the absence of indictment in his case, and refers generally to potential Fourth and Fifth Amendment issues. For the reasons cited above, these three motions will be denied. Petitioner does not tie his requests to the claims raised in his § 2255 motion.

## IV. CONCLUSION

For the reasons set forth herein, Petitioner's § 2255 motion (Doc. 77) is **DENIED**. Petitioner's motion to appoint counsel (Doc. 86); motion for grand jury hearing transcripts, ballot, or record for inspection, indictment, and criminal complaint (Doc. 88); motion for

---

THE COURT: Okay. Do you think at this time you wish to waive the right to have the case presented to a grand jury and wish to continue with the Information as has been filed in court?
THE DEFENDANT: Yes, Your Honor.

(Doc. 49, PAGEID #: 107–08).

14

court documents (Doc. 89); and motion to compel production of these documents (Doc. 90) are also **DENIED**.

The Court will not issue a certificate of appealability. *See* Rules Governing Sec. 2255 Proceedings for the U.S. Dist. Courts, Rule 11(a). Denial of the § 2255 motion is not "debatable among reasonable jurists," subject to being "resolved differently on appeal[,]" or "adequate to deserve encouragement to proceed further." *Poandl v. United States*, No. 1:12-cr-00119-1 (1:16-cv-00286), 2017 WL 1247791, at *17 (S.D. Ohio April 5, 2017) (citing *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 7 N.4 (1983))). Petitioner has also failed to make a substantial showing of the denial of a constitutional right. *Id.* (citing 28 U.S.C.A. § 2253(c) and Fed. R. App. 22(b)).

**IT IS SO ORDERED**.

*s/ Michael R. Barrett*
Michael R. Barrett, Judge
United States District Court