UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | Case No. 1:16-cr-019 |
| v. | : | Judge Michael R. Barrett |
| MUNIR ABDULKADER, | : | **ORDER DENYING MOTION FOR** |
| Defendant. | : | **SENTENCE REDUCTION** |

This matter is before the Court on Defendant Munir Abdulkader's pro se motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). (Doc. 101). He claims he is entitled to a reduction based on a Guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u)[1]. Defendant's motion will be DENIED.

On November 1, 2023, the Sentencing Commission amended § 4A1.1 ("Criminal History Category") of the Guidelines and promulgated § 4C1.1 ("Adjustment for Certain Zero-Point Offenders"). The Sentencing Commission made these provisions retroactive, *see* § 1B1.10(a)(1) of the Guidelines, with an effective date of February 1, 2024.

"The total criminal history points from § 4A1.1 determine the criminal history category (I–VI) in the Sentencing Table[.]" U.S.S.G. § 4A1.1 cmt. Pertinent here, § 4C1.1 now allows a two-level reduction in a defendant's overall offense level (as determined by Chapters Two and Three of the Guidelines). This reduction, however, is contingent upon a defendant meeting ten

---

[1] "If the Commission reduces the term of imprisonment recommended in the guidelines applicable to a particular offense or category of offenses, it shall specify in what circumstances and by what amount the sentences of prisoners serving terms of imprisonment for the offense may be reduced." 28 U.S.C. § 994(u).

1

enumerated criteria, one of which is that "the defendant did not receive any criminal history points from Chapter Four, Part A[.]" Id. § 4C1.1(a)(1).  Defendant Abdulkader states that he "does not have a criminal history" and, in support, attaches a BOP "Male Custody Classification Form" that indicates a criminal history score of "0 points".  (Doc. 101 PAGEID 580, 584).

Defendant is correct that his total criminal history score is zero, which typically would establish a Criminal History Category of I.  (PSR ¶¶ 76–80).[2]  But when, as here, a defendant's conviction involved a federal crime of terrorism, pursuant to § 3A1.4 of the Guidelines, the Criminal History Category assigned is VI.  This is reflected in the second enumerated criterion, requiring that a defendant "not receive an adjustment under § 3A1.4 (Terrorism)[.]" U.S.S.G. § 4C1.1(a)(2).  Defendant also cannot meet the third enumerated criterion, which requires that he "did not use violence or credible threats of violence in connection with the offense[.]"  U.S.S.G. § 4C1.1(a)(3).

Because Defendant Munir Abdulkader fails to meet one or more of the required enumerated criteria, his pro se motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) (Doc. 101) is **DENIED**.

**IT IS SO ORDERED.**

/s/ *Michael R. Barrett*
Michael R. Barrett, Judge
United States District Court

---

[2] Initial and final presentence reports are confidential Court documents and are filed under seal.  S.D. Ohio Crim. R. 32.1(k).